# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
(Filed: February 16, 2016)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| KIMBERLY TAIT *and* DAVID TAIT     * | No. 15-1414V |
| *on behalf of their minor child,* J.T.,   * | |
|                                      * | Chief Special Master Dorsey |
| Petitioners,            * | |
|                                      * | Dismissal; MMR Vaccine; DTaP |
| v.                                   * | Vaccine; IPV Vaccine; Hib Vaccine; |
|                                      * | Type 1 Diabetes |
| SECRETARY OF HEALTH          * | |
| AND HUMAN SERVICES,          * | |
|                                      * | |
| Respondent.             * | |
|                                      * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | |

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioners.
Robert P. Coleman, III, United States Department of Justice, Washington, DC for respondent.

### DECISION DISMISSING PETITION[1]

On November 23, 2015, Kimberly and David Tait ("petitioners") filed a petition on behalf of their minor child, J.T., for compensation under the National Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (2012) ("Vaccine Act"). Petitioners alleged that as a result of receiving DTaP, Hib, IPV, and MMR vaccinations on January 30, 2015, J.T. developed Type 1 Diabetes. Petition at Preamble, ¶¶ 9, 11.

On February 12, 2016, petitioners filed a motion for a decision dismissing their petition. In the motion, petitioners state that after investigation into their claim, they "recognize they will likely be unable to meet their burden of proof and establish that J.T. is entitled to compensation in the Vaccine Program." Motion for Decision at ¶ 3. Petitioners state that they understand that a decision by the Special Master will result in a judgment against them, and that such a judgment will end all rights of J.T.'s rights in the Vaccine Program. Id. at ¶ 5.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

      To receive compensation under the Program, petitioners must prove either 1) that J.T. suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to her vaccination, or 2) that J.T. suffered an injury that was actually caused by a vaccine.  <u>See</u> §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that J.T. suffered a "Table Injury," nor do petitioners allege that he suffered a "Table Injury."  Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that J.T.'s injury was caused by the vaccinations he received on January 30, 2015.

      Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support.  Petitioners, however, have not offered such an opinion.

      Accordingly, it is clear from the record in this case that petitioners have failed to demonstrate either that J.T. suffered a "Table Injury" or that his injuries were caused-in-fact by vaccination.  **Thus, this case is dismissed for insufficient proof.  In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

                                                  <u>s/Nora B. Dorsey</u>
                                                  Nora B. Dorsey
                                                  Chief Special Master